UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SELF STRAWDER, *Pro Se*, | ) | Case No.: 4:17 CV 325 |
| | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| STEVEN MERLAK, Warden, | ) | |
| | ) | |
| Respondent | ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is *Pro Se* Petitioner Self Strawder's ("Petitioner" or "Strawder") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("§ 2241 Petition"). (ECF No. 1.) Petitioner is incarcerated in FCI Elkton, having been sentenced by the United States District Court for the Western District of Pennsylvania ("Western District of Pennsylvania") in 2015, pursuant to a plea agreement, to a term of incarceration of 180 months. Petitioner contends the district court should have sentenced him under the applicable provisions of the United States Sentencing Guidelines instead of the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e). For the following reasons, the court denies Strawder's § 2241 Petition.

### I. BACKGROUND [1]

On April 23, 2015, Strawder was charged in an Information with two counts of being a felon

---

[1] Citations in this section will reflect the document numbers in *United States v. Strawder*, No. 2:15–cr–86 (W.D. Pa. Apr. 23, 2015).

in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Counts 1 and 3), and two counts of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts 2 and 4). (Information, ECF No. 28.) The felon in possession counts also alleged sentencing enhancements under the ACCA based on four of Strawder's prior convictions. (*Id.*)

On April 27, 2015, Strawder pled guilty to all four counts in the Information pursuant to a written plea agreement. (ECF Nos. 34, 53.) The plea agreement contained a binding sentence stipulation pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, whereby the parties agreed to a total term of imprisonment of 180 months, as well as a minimum of six years supervised release. (ECF No. 53, at 3.) The Western District of Pennsylvania subsequently accepted the binding plea agreement and sentenced Strawder to a total of 180 months incarceration, followed by a total of ten years supervised release. (J. 3–4, ECF No. 55.)

On March 25, 2016, Petitioner filed a motion to vacate under 28 U.S.C. § 2255, alleging, in relevant part, that his four prior convictions do not qualify as predicate offenses for purposes of the ACCA. (ECF No. 58, at 4.) Petitioner later filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2). (ECF No. 72.) On August 5, 2016, the Western District of Pennsylvania denied both motions, finding that Petitioner properly qualified as an armed career criminal based on three prior convictions for serious drug offenses. (ECF No. 78, at 3; ECF No. 79.) On September 21, 2016, Strawder filed a notice of appeal, challenging the denial of his motion to vacate. (ECF No. 83.) Construing the notice of appeal as an application for a certificate of appealability, the United States Court of Appeals for the Third Circuit denied Strawder's request and summarily affirmed the district court's determination. (ECF No. 86.)

Strawder filed the instant § 2241 Petition on February 16, 2017, again challenging his

sentence enhancement under the ACCA and requesting resentencing under the United States Sentencing Guidelines without the enhancement.

## II. LEGAL STANDARD

Writs of habeas corpus "may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241 "is an affirmative grant of power to federal courts to issue writs of habeas corpus to prisoners being held 'in violation of the Constitution or laws or treaties of the United States.'" *Rice v. White*, 660 F.3d 242, 249 (6th Cir. 2011) (quoting § 2241(c)). Because Petitioner is appearing *pro se*, the allegations in his Petition must be construed in his favor, and his pleadings are held to a less stringent standard than those prepared by counsel. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). However, this court may dismiss the Petition at any time, or make any such disposition as law and justice require, if it determines the Petition fails to establish adequate grounds for relief. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987); *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (holding district courts have a duty to "screen out" petitions lacking merit on their face under 28 U.S.C. § 2243).

Moreover, petitions under 28 U.S.C. § 2241 may only be used by federal prisoners seeking to challenge the execution of their sentences or manner in which their sentences are served. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (citing *United States v. Jalili*, 925 F.2d 889, 893 (6th Cir. 1991)). Federal prisoners seeking to challenge their convictions or imposition of their sentences must pursue relief under 28 U.S.C. § 2255. *Cohen v. United States*, 593 F.2d 766, 770 (6th Cir. 1979). The remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

Petitioner cannot assert claims in a § 2241 petition to challenge his conviction if he has been unsuccessful in obtaining relief on direct appeal or in a § 2255 motion to vacate.

Section 2255 does contain a "safety valve" provision which permits a federal prisoner to challenge his conviction or the imposition of his sentence under 28 U.S.C. § 2241, if it appears that the remedy afforded under § 2255 is "inadequate or ineffective to test the legality of his detention." *United States v. Hayman*, 342 U.S. 205, 223 (1952); *In re Hanserd*, 123 F.3d 922, 929 (6th Cir. 1997). It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision. *See, e.g.*, *Charles v. Chandler*, 180 F.3d 753, 756 (6th Cir. 1999) (per curiam). The § 2255 remedy is not considered inadequate or ineffective, moreover, simply because the petitioner has already been denied relief under § 2255 relief, because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate. *Id.*

To fall within any arguable construction of the savings clause, a petitioner must show that an intervening change in the law establishes his actual innocence. *United States v. Peterman*, 249 F.3d 458, 462 (6th Cir. 2001). A valid assertion of actual innocence is more than a belated declaration that the prisoner does not believe his sentence is valid. Actual innocence suggests an intervening change in the law establishes a prisoner's actual innocence of a crime. *See Martin v. Perez*, 319 F.3d 799, 804 (6th Cir. 2003); *Peterman*, 249 F.3d at 462. Secondly, "actual innocence means factual innocence, rather than mere legal insufficiency." *Martin*, 319 F.3d at 804 (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). In other words, Petitioner must point to a decision holding a substantive criminal statute no longer reaches certain conduct— i.e., that he stands convicted of "an act that the law does not make criminal." *Bousely*, 523 U.S. at 620 (quoting

*Davis v. United States*, 417 U.S. 333, 346 (1974)).

### III. ANALYSIS

Strawder is clearly challenging the length of his sentence. He, therefore, cannot assert this claim in his § 2241 Petition unless he demonstrates that the "safety valve" provision of 28 U.S.C. § 2255 is applicable to his case. Petitioner must show that an intervening change in the law renders him actually innocent of the conduct for which he was convicted. While he does not contend he is actually innocent of his criminal convictions, Strawder argues that, in light of the Supreme Court's decisions in *Descamps v. United States*, 133 S.Ct. 2276 (2013) and *Mathis v. United States*, 136 S. Ct. 2243 (2016), his three prior convictions no longer qualify as "serious drug offenses" under the ACCA. (ECF No. 2.)

However, the Sixth Circuit has repeatedly held that claims alleging "'actual innocence' of a sentencing enhancement cannot be raised under § 2241." *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir. 2012); *see also Reminsky v. United States*, 523 F. App'x 327, 329 (6th Cir. 2013) ('The savings clause under § 2255(e) does not apply to sentencing claims."); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) (holding that § 2255(e) savings clause inapplicable to claim of "actual innocence" of the career offender enhancement); *Anderson v. Hogsten*, 487 F. App'x 283, 284 (6th Cir. 2012) (affirming denial of § 2241 petition where petitioner challenged length of sentence but did not assert he was actually innocent of his criminal convictions); *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) ("[C]laims of sentencing error may not serve as the basis for an actual innocence claim"). Because he asserts a sentencing claim, and because the savings clause of § 2255 extends only to claims of actual innocence regarding convictions, Strawder has not alleged a valid actual innocence claim cognizable under § 2241.

## IV. CONCLUSION

For the foregoing reasons, the court hereby denies Strawder's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) Further, the court finds that no jurist of reason would find this court's decision to deny Petitioner's Motion to Vacate debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

IT IS SO ORDERED.

/s/ *SOLOMON OLIVER, JR.*
CHIEF JUDGE
UNITED STATES DISTRICT COURT

March 31, 2017